on behalf of Mr. Desomer. I don't know if I can reserve three minutes for rebuttal. I'd like to first address the issue of whether or not it was air to present the proposed admitted exhibits to the jury in this matter. We briefed it at some length, but I think that I wanted to reiterate that the cases raised by the government and their opposition are distinguishable from this case, because in this case we have neither the government offering these exhibits nor asking that the case be reopened in order to allow them to admit these exhibits. Well, let me stop there. There was no objection when the government asked that they be published to the jury. I understand that. Why isn't that? I mean, clearly the implication can be made and can be read into this that it was treated as if these exhibits had been admitted. I don't think I'm going to waste my time trying to argue contrary to that. Okay. You're not arguing that they're inadmissible. Well, I do have some concerns. I was thinking about that, and I do have some concerns that there might be some foundation or hearsay problems. I don't care about the contents of the letters and documents, but I think it's hearsay when they purport to be sent to a certain address, that address is being offered for the proof of the matter. But we didn't object. Well, certainly my trial counsel didn't. I mean, I — You're kind of stuck with that one. I am. I am. Again, I mean, we can play games all day long, but I'll be very candid that we are not going — I am going to have a very difficult time, and I'm not going to try to argue that there was an implication they had been admitted or that I've preserved the right to any technical objections I have to that evidence. The only thing that I'm here that I can — I'm sorry, Your Honor. Yeah. But the only objections you could make would be very technical. Yes. If I were trial counsel at the time, knowing this, I could say, well, you know, we need a proper custodian of records. I think the address is hearsay. Yeah. There's no question they were — they were — they went to a material issue in the case. Well, I think ultimately they do go to a material issue in the case, because, yeah, I mean, it's very significant. Right. I can't — I can't beat the implication that folks were treating these as if they had been admitted. I can't beat the implication that my trial counsel or Mr. Desimer's trial counsel failed to assert these objections. What I can say is there is nowhere in this record where we explicitly have an acknowledgment that these exhibits were offered and admitted. We have an acknowledgment by Judge George at certain points that they had been received. We have the implication if you publish them, they've been admitted. But we don't have that language. No objection was made. And had there been an objection, it could have been — any objection could have been easily cured. I mean, yes, certainly I think that the trial — So where's the harm? Well, the harm is you have documents that have not been admitted as evidence that form the basis in the prosecutor's own words for this conviction being shown to the jury, being assumed for the jury's benefit that they have been admitted and that they should be discussed. I mean, I — What's the closest authority that you have that a conviction is reversed on the basis of some kind of failure to make — say a magic word like this? I don't know that I — Okay.  In the contrary, Rule 52a of the Federal Rules of Criminal Procedure says that, quote, every error, defect, irregularity, or variance which does not affect substantive rights shall be disregarded, end of quote. So doesn't that more or less kill your argument? I think this affects tremendously substantive rights. In what way? I mean, in the sense that, again, it was easily remedied at that point in time. Your trial counsel — I understand you weren't trial counsel, but trial counsel then proceeds as if they had been properly admitted, and he's got a full and fair opportunity to contest them and discuss them and argue them and discredit them in any way he can. So where's the problem? Well, and again, I guess that's why I raised the ineffectiveness issue, because I think he should have done that. I mean, I guess, again, I go back to the fact that I think there were some technical problems with these documents that could have been asserted. All right. Fine. I think we understand your position. Okay. And then just very briefly, not as significant, but I think worth raising while we're here, with respect to the explosive device enhancement, you have Federal agents come in who pronounce these to be, in their vernacular, explosive devices, which is fine. They're allowed to do that, certainly. And Judge George is allowed to make a determination that they're explosive devices and they should be enhanced. But what I never see anywhere in this record or in the sentencing or anywhere is an explanation of what these devices actually were and whether they fit the statute for enhancement as explosive devices. In other words, that use of that term explosive or destructive device or bomb or whatever we got from the ATF agent secondhand, I never see any information to correlate that into what a destructive device is for enhancement purposes.  Thank you, Your Honor. Good morning. My name is Andrew Duncan. I'm an assistant United States attorney for the District of Nevada and I represent the appellee of the United States. Is there anything significant that needs to be added to it? I was just going to say, unless the Court has any questions, I'll submit the case on the briefs. Any questions? No. Thank you. Thank you. The case just argued. I don't think there's anything to reply to. Oh, I will. Thank you. The case just argued is submitted for decision. We'll hear the next case, United States v. Barth and Martinez.
judges: Schroeder, Bybee, Wu